IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| John D. Horton, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER ON MOTIONS FOR** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| University of North Dakota, | ) | |
| | ) | Civil File No. 2:04-cv-110 |
| Defendant. | ) | |

Before the Court are cross motions for summary judgment. Both parties have submitted briefs on the motions. Based upon the arguments of the parties and the applicable law, the Court issues the following opinion:

## SUMMARY OF DECISION

While the plaintiff failed to produce evidence of the posted criteria for the job he applied for, it appears that the defendant does not dispute that he met the minimum posted qualifications. Therefore, Horton established a prima facie case of discrimination.

The defendant then rebutted that prima facie case with evidence that the plaintiff was not hired because he made a false statement on his application, and his references were poor. The plaintiff did not produce any evidence to show that these reasons were a pretext for discrimination. Since the plaintiff did not raise any genuine issues of material fact, summary judgment in the defendant's favor is appropriate.

## FACTUAL BACKGROUND

On January 11, 2004, the Department of Geology and Geological Engineering at the

1

University of North Dakota received an application for its Geology Library Manager position from the plaintiff, John Horton. In his application, the plaintiff stated that he was Hispanic and over the age of forty. Horton also stated that he had a Master's Degree in Library Science. His work history included employment at four different libraries in the past five years, with his longest period of employment at any one library being seven months.

In response to the electronic application, UND sent Horton a standard employment application. Horton returned the application with many of the questions unanswered. Under employment history, he only listed his most recent job, which was as a library technician at a Department of Veterans Affairs Hospital. Horton stated that his reason for leaving was "moved." In fact, his employer terminated him for giving false answers in his employment application. Horton v. United States, No. C.A. 04-2245, 2005 WL 2212335, at *2 (E.D. Pa. Sept. 8, 2005).

Richard LeFever, the Chair of the Department of Geology and Geological Engineering, interviewed Horton by telephone on January 23. LeFever also attempted to contact Horton's references. Only one reference responded to his inquiries. That reference, Horton's supervisor at the United States Military Academy Library, stated that Horton's work performance and work habits were poor.

UND chose not to hire Horton, and it advertised again for the Geology Library Manager position. UND eventually hired a white male who was approximately thirty-seven years old and a veteran.

## **ANALYSIS**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with any affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). A court views the facts in the light most favorable to the non-moving party. Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. Simpson, 425 F.3d at 541. Once the moving party has met this initial burden, the non-moving party "may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." Kincaid v. City of Omaha, 378 F.3d 799, 804 (8th Cir. 2004) (citing Fed. R. Civ. P. 56(e)).

Summary judgment should seldom be granted in employment discrimination cases. Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994). However, a court may grant summary judgment against a plaintiff when he "fails to establish a factual dispute on an essential element of [his] case." Simpson, 425 F.3d at 542.

When a plaintiff does not have any direct evidence of discrimination, a court analyzes the discrimination claims under the McDonnell Douglas burden shifting framework. Hannoon v. Fawn Eng'g Corp., 324 F.3d 1041, 1046 (8th Cir. 2003). The burden shifting framework applies to claims of both racial discrimination, id., and age discrimination, Chambers v. Metro. Prop. & Cas. Ins. Co., 351 F.3d 848, 855 (8th Cir. 2003). Since Horton has not provided direct evidence of discrimination, the Court will apply the McDonnell Douglas burden shifting analysis to his discrimination claims. Hannoon, 324 F.3d at 1046.

The prima facie case elements for a "failure to hire" case are that 1) the plaintiff is a member

3

of a protected class, 2) the plaintiff was qualified for the position, 3) the plaintiff was not hired, and 4) the employer hired someone who was not a member of a protected class to fill the position. Chambers, 351 F.3d at 856. Defendant argues that the first element is not met because it alleges that there is no evidence that anyone was "truly cognizant" of Horton's age or ethnicity at the time the hiring decision was made. In the first paragraph of the resume he submitted by email, Horton stated: "I am an Hispanic minority male applicant over the age of 40 years. I have added ethnic and cultural diversity to my employer's work force which have usually been 100% white female which failed to reflect the ethnic (20-30% minority), cultural (20-30% minority) and gender (50% male) diversity existing in the local community and clientele served." LeFever admits that he read this resume since he attempted to contact the references listed in it. Viewing the evidence in the light most favorable to Horton, he is a member of protected classes, and the hiring authority knew that.

As to the second element, Defendant argues that Horton was not qualified because of his "extremely poor job reference." This argument misconstrues the McDonnell Douglas burden shifting analysis. A plaintiff is not required to disprove the employer's alleged business reasons for its adverse employment action when establishing his prima facie case. Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 944 (8th Cir. 1994). To place this burden on the plaintiff would require him to prove pretext and the ultimate issue of intentional discrimination, which is not required when proving a prima facie case. See id. ("The prima facie burden is not so onerous.").

When analyzing the qualifications element, a court must only determine whether the plaintiff met the minimum qualifications for the position. Turner v. Honeywell Fed. Mfg. & Techs., LLC, 336 F.3d 716, 721 (8th Cir. 2003) (quoting McCullough v. Real Foods, Inc., 140 F.3d 1123, 1126

4

(8th Cir. 1998)). The plaintiff has the burden of production on this element. See Hase v. Mo. Div. of Employment Security, 972 F.2d 893, 896 (8th Cir. 1992) (stating that the plaintiff bears the burden of establishing a prima facie case). When the position is not posted, the plaintiff has a lighter burden than when there are objective hiring criteria. Turner, 336 F.3d at 721 (quoting Lyoch v. Anheuser-Busch Cos., 139 F.3d 612, 615 (8th Cir. 1998)).

It appears as if this position was posted, since Horton responded to the posting by submitting his resume electronically. Yet Horton did not produce any evidence of the objective hiring criteria for the Geology Library Manager position. Even assuming he had provided that evidence, he did not provide any evidence, by affidavit or otherwise, that he met those qualifications.

However, Defendant's only argument on the qualifications element was its business reason for not hiring him. LeFever did interview Horton, which would seem to indicate that he met the minimum qualifications for the job. It appears that UND concedes that Horton was qualified for the job. Since the Court's resolution of these motions will rest on UND's legitimate business reasons for not hiring Horton, it will assume that Horton was qualified.

Defendant does not dispute the final two elements of the prima facie case, so Plaintiff has met his initial burden. By establishing a prima facie case, the plaintiff, in effect, "creates a presumption that the employer unlawfully discriminated against the employee." Hase, 972 F.2d at 896. Once a prima facie case is established, the burden of production shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

The burden to articulate a legitimate, nondiscriminatory reason is not onerous, and "the

explanation need not be demonstrated by a preponderance of the evidence." Floyd v. Mo. Dep't of Social Servs., 188 F.3d 932, 936 (8th Cir. 1999). The reason is sufficient if it "would allow a trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Buccholz v. Rockwell Int'l Corp., 120 F.3d 146, 150 (8th Cir. 1997) (quoting Burdine, 450 U.S. at 257). If the employer's reasons are sufficient, then the plaintiff's presumption of discrimination evaporates. Id.

Defendant offers two reasons for its decision not to hire Horton. First, Defendant points to the fact that Horton lied on his application. He stated that he left his last job because he moved, when in reality he was terminated. Second, Defendant points to the fact that the only reference who answered LeFever's inquiry stated that Horton's work performance and work habits were poor. Each reason standing alone articulates a legitimate, nondiscriminatory reason for not hiring Horton.

Once the employer satisfies its burden of production, the burden then shifts back to the plaintiff to demonstrate that the proffered reason is pretextual. Hammer v. Ashcroft, 383 F.3d 722, 724 (8th Cir. 2004). If the plaintiff cannot demonstrate that the reason is pretextual, his case will fail. Id. One way a plaintiff may demonstrate pretext is by producing evidence that the person hired was less qualified than him. Id.

In this case, Horton alleges that the person eventually hired was less qualified than him. Horton has failed to provide any evidence, by affidavit or otherwise, to support this allegation. Horton alleges that the man who was hired only has a bachelor's degree whereas Horton allegedly has a master's degree. However, even if Horton had produced evidence of their relative degrees, possessing a higher education degree does not prove that one is more qualified. See Floyd, 188 F.3d

6

at 937 (stating that just because the plaintiff was the only candidate with a master's degree did not make her the most qualified person for the job). By failing to produce evidence that UND's proffered reason for not hiring him was pretextual, Horton has failed to show that a genuine question of material fact exists. Therefore, summary judgment is appropriate.

## DECISION

Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2006.

_Ralph R. Erickson_
Ralph R. Erickson, District Judge
United States District Court